Citation Nr: 1806332 
Decision Date: 01/31/18 Archive Date: 02/07/18

DOCKET NO. 14-26 003 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Chicago, Illinois


THE ISSUE

Entitlement to service connection for a psychiatric disorder, to include posttraumatic stress disorder (PTSD).


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

T. Fales, Associate Counsel



INTRODUCTION

The Veteran served on active duty from August 1958 to July 1960. He served in the United States Army. In 1981, his character of discharge was upgraded to under honorable conditions from under other than honorable conditions. 

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a February 2012 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Chicago, Illinois.

This matter was previously before the Board in May 2017, when the Board determined that new and material evidence had been received sufficient to reopen the Veteran's claims for service connection for PTSD and other individual psychiatric disorders. At that time, the Board recharacterized the Veteran's appeal as a claim for service connection for PTSD and a claim for service connection for a psychiatric disorder other than PTSD; however, the Board is now condensing the claims into a single issue. In addition, the Board remanded this matter for further development. Since then, this matter has been reassigned to the undersigned Veterans Law Judge.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2017). 38 U.S.C. § 7107(a)(2) (2012).


FINDINGS OF FACT

1. The Veteran does not have a current diagnosis of PTSD.

2. The Veteran does not have a current diagnosis of anxiety.

3. The Veteran's currently diagnosed psychiatric disorders have not been associated with his active duty service or are not subject to direct service connection.


CONCLUSION OF LAW

The criteria for entitlement to a psychiatric disorder, to include PTSD, have not been met. 38 U.S.C. § 1131 (2012); 38 C.F.R. § 3.303 (2017).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Legal Criteria - PTSD

Service connection for PTSD requires medical evidence diagnosing the condition in accordance with 38 C.F.R. § 4.125(a) (i.e., in accordance with DSM-5); a link, established by medical evidence, between current symptoms and an in-service stressor; and credible supporting evidence that the claimed in-service stressor occurred. See 38 C.F.R. § 3.304(f).

Legal Criteria - Direct Service Connection

Service connection is warranted where the evidence of record establishes that a particular injury or disease resulting in disability was incurred in the line of duty in the active military service or, if pre-existing such service, was aggravated thereby. See 38 U.S.C. § 1131; 38 C.F.R. § 3.303(a). Generally, in order to prove service connection, there must be competent, credible evidence of (1) a current disability, (2) in-service incurrence or aggravation of an injury or disease, and (3) a nexus, or link, between the current disability and the in-service disease or injury. See, e.g., Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009).

Legal Criteria - Evaluating Lay Evidence

For the purpose of evaluating lay evidence, to include a veteran's statements about his health conditions, competent evidence is "limited to that which the witness has actually observed, and is within the realm of his personal knowledge." Layno v. Brown, 6 Vet. App. 465, 469-470 (1994). For example, although a lay person is competent to report observable symptomatology of an injury or illness (such as pain or the visible flatness of his feet), a lay person is "not competent to opine as to medical etiology or render medical opinions." Barr v. Nicholson, 21 Vet. App. 303, 307 (2007).

Analysis

At the outset, the Board recognizes the Veteran's desire to serve our country. The evidence of record shows that the Veteran participated in ROTC while in high school, he voluntarily enlisted in the Army after his seventeenth birthday (which required him to get parental consent), he successfully completed his initial entry training, and he earned his GED while serving on active duty. The Board thanks the Veteran for his desire to serve our country.

Turning to the question of entitlement to service connection for PTSD, the Board finds that the Veteran does not have a current diagnosis of PTSD, which is the first required element of service connection. Pursuant to the May 2017 VA clinician's report, the Veteran was evaluated for possible PTSD in VA examinations dated March 2016 and January 2014. However, he was not diagnosed with PTSD during those examinations because he did not meet the applicable DSM criteria, which is the guide VA uses when it determines whether or not a veteran has PTSD. Accordingly, as there is no current diagnosis of PTSD, service connection is not warranted. See McClain v. Nicholson, 21 Vet. App. 319, 321 (2007) (holding that a disability must "be current at the time a claim is filed"); Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992) (holding that "[i]n the absence of proof of a present disability there can be no valid claim").

Similarly, although anxiety, and anxiety alone for the purposes of psychiatric disorders, was noted when the Veteran enlisted, the competent medical evidence of record, to include the May 2017 VA clinician's report, shows that he does not have a current diagnosis of anxiety. Regarding a claim for service connection based on aggravation of a preexisting disability during service, "if a preexisting disorder is noted upon entry into service . . . the veteran may bring a claim for service-connected aggravation of that disorder." Wagner v. Principi, 370 F.3d 1089, 1096 (Fed. Cir. 2004) (emphasis added). In addition, claims for service connection based on aggravation are still service connection claims that require a current disability, as discussed above. Accordingly, as there is no current diagnosis of anxiety, service connection based on aggravation is not warranted. 

The Board notes that it has considered the applicability of Clemons v. Shinseki, 23 Vet. App. (2009) to this case. In Clemons, the Court held that the scope of a mental health disability claim includes any mental disorder that may reasonably be encompassed by the claimant's description of the claim, reported symptoms, and other information of record. However, as to psychiatric disorders, the Veteran only has current diagnoses pertaining to depression and cannabis use. Diagnoses associated with cannabis use are not subject to direct service connection. See generally 38 C.F.R. § 3.301 (c)(3). As to his depression, although he was diagnosed with dysthymia by the March 2016 VA examiner, the examiner also opined that "[t]he diagnosis of Dysthymia is unrelated to military service" because the Veteran "attributed his depression to his failure of taking better care of his son and his lengthy and repeated incarcerations because of his legal problems." This implicates the service connection requirement that there be a nexus, or link, between the Veteran's depression and his service. As the examiner did not find that his depression is associated with his service, service connection for depression is not warranted. 

In sum, the Board reiterates that it recognizes the Veteran's desire to serve our country and all the evidence of record has been examined in a light most favorable to the Veteran. At the same time, the Board is bound to apply the laws and regulations pertaining to this case and it must rely on the competent medical evidence of record to resolve questions of a medical nature. 



ORDER

Service connection for a psychiatric disorder is denied.




____________________________________________
M. C. GRAHAM
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs